UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VINCENT W. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01412-SEB-MJD |
| | ) | |
| MARION COUNTY SHERIFF, | ) | |
| MARION COUNTY PROSECUTORS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 9, 2024, *pro se* Plaintiff Vincent W. Boyd ("Mr. Boyd") filed this action against Defendants Marion County Sheriff and Marion County Prosecutors ("Defendants"), seeking the return and/or compensation for the loss of his personal property. Dkt. 1. Now pending before the Court are Mr. Boyd's Motion for Court Order for Reimbursement, dkt. 6; Motion for Leave to Proceed *In Forma Pauperis*, dkt. 7; Motion to Prevent Receipts, dkt. 8; and Motion Requesting Status of Case, dkt. 9. This Order first addresses Mr. Boyd's *in forma pauperis* ("IFP") motion, then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and, lastly, addresses the remaining pending motions.

**I.** *In Forma Pauperis* **Status**

28 U.S.C. § 1915(a) allows the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees," if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Boyd's motion, dkt. 7, meets this standard and, accordingly, is **GRANTED**.

1

While IFP status allows plaintiffs to proceed without *pre*-payment of the filing fee, they remain liable for the full fees. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). Relatedly, courts have no power to waive the filing fee, so it remains due despite a plaintiff's IFP status. *Martin v. Pepper*, No. 1:21-cv-00669-JMS-MPB, 2021 WL 5020645, at *1 (S.D. Ind. Apr. 1, 2021). The filing fee for IFP litigants is $350.00. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). No payment is due at this time, but the $350.00 balance remains owing.

## II.    Screening Standard

When a plaintiff is permitted to proceed *in forma pauperis*, the Court has an obligation to ensure the complaint is sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious; fails to comply with the Federal Rules of Civil Procedure; or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure to state a claim upon which relief can be granted. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct al-
leged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Put differently, it

is not enough for a plaintiff to say that he has been illegally harmed. He must also state

enough facts in his complaint for the Court to infer the ways in which the named Defend-

ants could be held liable for the harm alleged. *Pro se* complaints, such as that filed by Mr.

Boyd, are construed liberally and held "to a less stringent standard than formal pleadings

drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quota-

tion omitted).

### III.    The Complaint

In his Complaint, Mr. Boyd avers that Defendants have failed to return his personal

property, despite having had "an ample amount of time" to do so. Compl. 1, dkt. 1. Mr.

Boyd asserts that a "hearing . . . was held (in the Marion County Superior Court) that backs"

his claim. *Id.* (He also states that "a copy of the hearing" is attached to the Complaint;

however, no such attachment was submitted. *Id.*) He seeks the return and/or compensation

for the loss of his personal property.

In his subsequent filings, [1] Mr. Boyd asserts that, following his arrest,[2] his clothes

and other personal items were seized, catalogued on an itemized list, and taken into a prop-

erty room for storage. Dkt. 6 at 1–2. Based on a "Notice to the Court" (filed by a state

---

[1] Due to Mr. Boyd's *pro se* status, we consider the additional allegations contained in his subse-
quent court filings as well as those properly alleged in his Complaint. *See Swofford v. Mandrell*,
969 F.2d 547, 549 (7th Cir. 1992) ("[T]he court should consider allegations contained in the other
court filings of a *pro se* plaintiff.").
[2] Mr. Boyd reveals no further details about the circumstances of his arrest.

prosecutor in state court), Mr. Boyd maintains that many of his personal items were destroyed. Dkt. 6-1. Mr. Boyd seeks monetary reimbursement in lieu of the return of these since-destroyed items. Dkt. 8.

**IV.    Discussion**

Based on the Complaint as currently alleged, this Court does not have jurisdiction to adjudicate Mr. Boyd's civil action. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Supreme Court has explained the two basic ways to establish subject matter jurisdiction as follows:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–85, (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that

exceeds the required jurisdictional amount, currently $75,000[, exclusive of interest and costs]. *See* § 1332(a).

*Arbaugh*, 546 U.S. at 513 (internal footnote omitted).

Mr. Boyd does not aver, nor do the factual allegations suggest, that Defendants violated the Constitution or laws of the United States. Rather, Mr. Boyd appears to be "ask[ing] a federal district court to order state authorities to turn over his property they seized in connection with a state prosecution against him." *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014). This, however, "is power that a federal district court does not have the authority to exercise." *Id.* Accordingly, Mr. Boyd has alleged no basis for the Court to exercise federal question jurisdiction under 28 U.S.C. § 1331.[3] Insofar as Mr. Boyd has the right to the return of his personal property from state and local officials, "the proper forum for [this] request [is] in state court." *Rachuy*, 743 F.3d at 210.

## CONCLUSION

Mr. Boyd's Motion to Proceed *In Forma Pauperis*, dkt. 7, is **GRANTED**.

Mr. Boyd shall have **through October 28, 2024**, to file an amended complaint or otherwise show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction. In doing so, Mr. Boyd must clearly identify the federal constitutional or statutory provision giving rise to his claims and/or the state of each defendant's citizenship for purposes of diversity jurisdiction. Failure to do so in the time allotted will result in the dismissal of this action without further notice or opportunity to show cause.

---

[3] Likewise, the Complaint contains no allegations regarding the parties' citizenship and/or the amount in controversy. Accordingly, there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

Mr. Boyd is also advised that his amended complaint will supersede his prior complaint and, as such, must be complete without reference to the original complaint or other miscellaneous filings. In other words, the amended complaint should include all relevant factual allegations within the same document. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

The Court withholds ruling on Mr. Boyd's remaining motions, dkt. 6, 8–9, pending his filing of a viable amended complaint.

IT IS SO ORDERED.

Date:
    9/30/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VINCENT W. BOYD
9234 Dansk Ridge, Apt #A
Indianapolis, IN 46250